107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jaime Enrique GUTIERREZ-VALLECILLO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70645.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 13, 1997.
Decided Feb. 6, 1997.
 
 Before: LAY* GOODWIN, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jaime Enrique Gutierrez-Vallecillo, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' decision affirming the order of the immigration judge denying his applications for asylum, 8 U.S.C. § 1158(a) and withholding of deportation 8 U.S.C. § 1253(h). Because the Board affirmed the immigration judge's decision "based upon and for the reasons set forth in her decision" this court reviews the immigration judge's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 
 3
 To qualify for either asylum or withholding of deportation, an alien must show past persecution or a well-founded fear of persecution, on account of, among other things, political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1253(h). A well-founded fear of persecution standard has subjective and objective components. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988) (per curiam). An applicant for asylum may satisfy the subjective component with credible testimony demonstrating that his fear of persecution is genuine. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). The objective component may be satisfied by the petitioner's own testimony if it is credible, persuasive, and refers to specific facts that give rise to an inference that he has good reason to fear he will be singled out for persecution on account of political opinion. Blanco-Comarribas v. INS, 830 F.2d 1039, 1042-43 (9th Cir.1987). Independent corroborative evidence is not required in order to satisfy the objective component. Gomez-Saballos v. INS, 79 F.3d 912, 916 (9th Cir.1996) (citing Bolanos-Hernandez v. INS, 767 F.2d 1277, 1285 (9th Cir.1984)). "[P]unishment based on objection to participation in inhuman acts as part of forced military service is 'persecution' " on the basis of political opinion. Ramos-Vasquez v. INS, 57 F.3d 857, 863-64 (9th Cir.1995).
 
 
 4
 While Gutierrez-Vallecillo was never directly told by his superior, Captain Mojarre, that he would be required to "torture" political prisoners in order to extract confessions from them, Gutierrez-Vallecillo subjectively believed that this is what he was being asked to do. In an affidavit supporting his application for asylum, Gutierrez-Vallecillo claimed that it was "common knowledge" that political prisoners were being tortured at the Tipitapa jail at the relevant time. Gutierrez-Vallecillo, who is an Evangelical Christian, told Captain Mojarre that his moral beliefs would not allow him to take on the interrogation job and that he therefore wished to be discharged from the army. Captain Mojarre refused, and Gutierrez-Vallecillo deserted.
 
 
 5
 The immigration judge found that Gutierrez-Vallecillo failed to demonstrate that he had suffered past persecution. We agree with the immigration judge's conclusion and note that Gutierrez-Vallecillo did not show that he was punished for his refusal to engage in what he thought would be immoral acts, and therefore, even though his desertion may have amounted to an expression of political opinion, Ramos-Vasquez, 57 F.3d at 864, he was unable to establish past persecution.
 
 
 6
 We also agree that substantial evidence supports the immigration judge's findings that Gutierrez-Vallecillo faces little risk of future persecution on account of his desertion. Thus, Gutierrez-Vallecillo also failed to establish a well-founded fear of future persecution.
 
 
 7
 Therefore, the immigration judge did not err when it denied Gutierrez-Vallecillo asylum and withholding of deportation.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3